FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS

~~~ ~5 2006

DAVID J. MALAND, CLERK
BY
DEPUTY

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

JESSICA LYNN GIBSON AND WAYNE
PATTISON, AS NEXT FRIEND OF
KATELYN PATTISON AND CONNER
PATTISON, MINOR CHILDREN,

      Plaintiffs,

vs.

FORD MOTOR COMPANY,

      Defendant and Third Party Plaintiff,

vs.

DAVID GIBSON,

      Third-Party Defendant.

§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§

**CIVIL ACTION NO. 2-05CV-201
WARD
JURY REQUESTED**

## ORDER APPROVING SETTLEMENT BETWEEN COUNTERCLAIM PLAINTIFFS/INTERVENORS AND DEFENDANT FORD MOTOR COMPANY AND FINAL JUDGMENT

On _____September  15_____, 2006, came on to be heard the above-styled and

numbered action wherein David Gibson, Individually and as Next Friend of Tanner Gibson, are

Counterclaim Plaintiffs/Intervenors and Ford Motor Company is Defendant.

      The parties came in person and by and through their respective attorneys of record and

made known to the Court that any previously made jury demands are waived, and that all matters

of fact and things in controversy are submitted to the Court. The named parties announced to the

Court that they had agreed to settle and compromise all issues, claims and causes of action now

existing or that may hereafter arise between Counterclaim Plaintiffs/Intervenors and Defendant

1

Ford Motor Company  The terms of the settlement are described in a Compromise Settlement Agreement, Release and Indemnity Agreement (the "Settlement Agreement").

It is understood and agreed that Counterclaim Plaintiffs/Intervenors, in consideration for the Defendant's agreement to settle this controversy for the sums described in the Settlement Agreement will pay, discharge or indemnify and hold Defendant harmless for any and all outstanding unpaid hospital charges, hospital bills, medical bills, rights of reimbursement or other bills and expenses  It was pointed out to the Court that all parties have agreed that if this Order Approving Settlement is approved by the Court that neither Counterclaim Plaintiffs/Intervenors nor anyone claiming by, through or under them will be able to recover anything further of and from Ford Motor Company for any claims stemming from the accident forming the basis for this suit.

It having appeared to the Court that a potential conflict of interest exists between the adult Plaintiff, David Gibson, and the minor child, Tanner Gibson, in the division of the proceeds of the settlement, the Court has appointed Joy Berry, a practicing attorney in this district in Texas, duly licensed and in good standing with the State Bar of Texas, as Guardian *Ad Litem* to represent the interests of Tanner Gibson; and said Guardian *Ad Litem* has been apprised of all matters of fact concerning this controversy and settlement thereof.

After reviewing the pleadings filed in this case, the Court heard evidence touching upon such compromise and settlement agreement, with reference to the material facts regarding the automobile accident, and all matters pertaining to the alleged liability of Defendant and the damages to Counterclaim Plaintiffs/Intervenors, as well as the capacity of the parties to prosecute this action as stated herein. Upon hearing the evidence, the Court is of the opinion that such settlement agreement is in the best interest of Counterclaim Plaintiffs/Intervenors and that the

2

terms of the settlement agreement are in all respects reasonable. It is understood and agreed by the Counterclaim Plaintiffs/Intervenors that the payment of the monies herein described is in settlement of disputed claims, that Defendant has denied liability and continues to deny liability of whatever nature to the Counterclaim Plaintiffs/Intervenors. It is further understood and agreed that Defendant herein by this settlement agreement makes no admission of liability to the Counterclaim Plaintiffs/Intervenors, nor to any other person, firm, corporation or other entity who did not assert a claim or file a lawsuit against Defendant, but rather that Defendant makes this settlement solely to purchase its peace and to avoid the expense of further litigation.

Accordingly, the Court makes the following findings and Orders:

The Court finds that Counterclaim Plaintiffs/Intervenors and Defendant Ford Motor Company have satisfactorily compromised and settled all of the issues involved herein.

The Court is of the opinion that the Settlement Agreement executed by the Counterclaim Plaintiffs/Intervenors is fair and equitable and that the same should be, and is hereby in all things approved, and the Court hereby specifically finds that the Settlement Agreement is in the best interests of the minor, Tanner Gibson.

The Court further finds that the amounts are to be paid in full satisfaction of any and all claims arising from this accident which Counterclaim Plaintiffs/Intervenors have or might ever have stemming from the accident forming the basis for this suit against Ford Motor Company or its officers, directors, shareholders, owners, agents, servants and employees, and any dealer that sold the subject vehicle, new or used, and that under no legal or equitable theory may they hereafter recover either directly or indirectly any further sums by reason of any new suits, new theories, new or different claims, actions, cross-actions, counter-actions, or third-party actions, or other actions whatsoever, and further that this settlement and Order Approving Settlement shall

3

fully bind any different personnel, personal representatives, administrators, guardians, or others representing the person or estate of any plaintiff herein named.

The Court hereby further finds that the minor Counterclaim Plaintiffs/Intervenors' allocation of the sum agreed upon as a compromise settlement figure in this action should be as reflected in the Settlement Agreement between the parties.

The Court further finds that the obligation to make periodic payments described herein may be assigned to Prudential Assigned Settlement Services Corporation ("PASSCorp.") and funded by an annuity contract issued by The Prudential Insurance Company of America. In that regard, the Court finds that the requirements of Section 142.008 and 142.009 of the Texas Property Code have been met.

The Court further finds that any payments to be made after the death of the Payee, pursuant to the terms of the agreement between the parties, shall be made to the Estate of the deceased Payee. After the age of majority, Payee may submit a change of beneficiary in writing to Assignee in a form acceptable to Assignee.

The Court further finds that upon completion of the assignment, Ford Motor Company shall have no further obligation to Counterclaim Plaintiffs/Intervenors, their heirs, and assigns; and the completion of the assignment shall operate as a full and complete release of this Order Approving Settlement.

The Court finds that the remainder of the agreed upon settlement amounts, as set forth in the Settlement Agreement between the parties are to be paid to Counterclaim Plaintiffs/Intervenors and their attorneys.

It is ordered by the Court that Counterclaim Plaintiffs/Intervenors herein do recover from Ford Motor Company the present cash sums and periodic payments reflected in the Settlement

4

Agreement and that Defendant Ford Motor Company is and shall be fully and finally released upon purchase of the subject annuities and payment of the present cash sums.

The Court approves the settlement entered into by the parties and finds that the claims of Counterclaim Plaintiffs/Intervenors against Defendant Ford Motor Company should be dismissed with prejudice; and that the Counterclaim Plaintiffs/Intervenors' claims, asserted or which could have been asserted herein against Defendants Ford Motor Company are fully satisfied in all respects, and that no execution shall ever issue herein.

It is ORDERED, ADJUDGED, and DECREED that all claims filed or which could have been filed by David Gibson, Individually and as Next Friend of Tanner Gibson, a minor, against this Defendant are dismissed with prejudice.

It is further ORDERED, ADJUDGED and DECREED that Ford Motor Company pay the amount of $5,000.00 the *Guardian Ad Litem* for all fees and services to the minor, Tanner Gibson.

It is further ORDERED, ADJUDGED and DECREED that costs of Court incurred herein are taxed against the party incurring same.

SIGNED the  15th  day of  September , 2006

UNITED STATES DISTRICT JUDGE

5

Doc ID ALBRJ-138107
08423-233

**APPROVED AND AGREED**:

COKONOS, BOISIEN & YOUNG
1500 Woodson Tower
2919 Allen Parkway
Houston, TX 77019-2124

By: _____
      Patric P. McCallum
      State Bar No. 24004804

ATTORNEYS FOR INTERVENORS/
COUNTERCLAIM PLAINTIFFS


BERRY & BERRY, L.L.P.
111 West Austin Street
Marshall, TX 75670
(903) 938-6044
(903) 938-1118 (fax)

By: _____
      Joy Berry
      State Bar No. 00795662

GUARDIAN AD LITEM FOR
MINOR, TANNER GIBSON

6

THOMPSON, COE, COUSIN, IRONS, L.L.P.
701 Brazos, Suite 1500
Austin, Texas 78701
(512) 708-8200
(512) 708-8777 (Fax)

By: _____
        Ronald Wamsted
        State Bar No 20832000

ATTORNEY FOR DEFENDANT
FORD MOTOR COMPANY

7